United States District Court
For the Northern District of California

E-FILED on   8/26/2011

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITE HERE! LOCAL 19,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUTTER'S PLACE, INC., dba BAY 101,<br><br>　　　　Defendant. | No. C 11-02608 RMW<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND GRANTING ATTORNEYS' FEES<br><br>**[Re Docket Nos. 7, 9]** |

　　　　Plaintiff Unite Here! Local 19 ("Local 19") moves for summary judgment against Bay 101 and an award of attorneys' fees. On August 26, 2011, the court held a hearing to consider Local 19's motions. Having considered the papers submitted by the parties and the arguments of counsel, and for the reasons set forth below, the court grants Local 19's motion for summary judgment and grants attorneys' fees incurred in seeking to place the issue of whether the remedy ordered has been implemented before the arbitrator.

## I. BACKGROUND

　　　　Local 19 and Bay 101 are parties to a collective bargaining agreement that contains a grievance procedure leading to final and binding arbitration. Dkt. No. 12 Exh. A at 16. Specifically, the collective bargaining agreement states that "[i]f arbitration is resorted to, the decision of the arbitrator shall be final and binding upon the parties." *Id.*

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND GRANTING ATTORNEYS' FEES—No. C 11-02608 RMW
JLR

1   When Bay 101 terminated the employment of one of its employees, Cuc Dang, Local 19 filed
2   a grievance, protesting that the termination was without just cause. On August 10, 2010, Local 19
3   and Bay 101 submitted the dispute to arbitrator Jerilou Cossack. Dkt. No. 12 ¶ 3. At the arbitration
4   hearing, the parties stipulated that: (1) "[a]ll the procedural requirements of the grievance procedure
5   [had] been complied with or waived;" (2) "the matter [was] properly before the arbitrator;" and (3)
6   "[i]n the event of a finding in favor of [Local 19], the arbitrator shall retain jurisdiction for the
7   purpose of resolving any disputes about implementation of the remedy ordered." Dkt. No. 12 Exh.
8   B at 7.

9   On November 26, 2010, arbitrator Cossack issued a decision and award in favor of Local 19.
10  Dkt. No. 12 Exh. C. Arbitrator Cossack (1) ruled that Bay 101 "did not have just cause to terminate
11  the Grievant, Cuc Dang;" (2) ordered that Cuc Dang "be reinstated and made whole;" and (3) held
12  that the arbitrator "shall retain jurisdiction for the purpose of resolving any disputes about
13  implementation of the remedy ordered." *Id*. at 18.

14  On January 31, 2011, Ms. Dang's counsel sent Bay 101's counsel an email stating that Ms.
15  Dang had seen her therapist on January 28, and attached the therapist's note recommending that she
16  work the swing shift as opposed to the graveyard shift. Dkt. No. 24 Exh. P. Ms. Dang's counsel
17  stated that "unless Bay 101 can reinstate [Dang] to the swing shift, she will not be able to return to
18  work." *Id.*

19  On about February 2, 2011, Local 19's counsel received a letter from Bay 101's counsel.
20  Dkt. No. 12 Exh. E. In that letter, Bay 101's counsel stated that "Bay 101 is willing to comply with
21  the Award of the Arbitration in every respect," but that "it appears, however, that Bay 101 is unable
22  to comply with the Arbitration award." *Id.* According to Bay 101, it was unable to comply with the
23  decision and award because of Ms. Dang's failure "to begin the reinstatement process," including her
24  failure to "fill out paperwork to apply for and obtain her work permit and badge from the San Jose
25  division of Gaming Control." *Id.* Bay 101 also alleged that Ms. Dang refused to work the graveyard
26  shift based on advice from her therapist. *Id.*

27  On February 3, 2011, Local 19's counsel sent an email to Bay 101's counsel and Ms. Dang's
28  counsel:

> [T]he Union recognizes that [Bay 101] has fully complied with the arbitrator's award once it offers full reinstatement to her former position with all back pay and benefits due and owing. If I understand [Bay 101's] position correctly, it has made that offer. The Union recognizes that by making that offer, the company has fulfilled its obligations, under the collective bargaining agreement and that the Union cannot secure anything further through enforcement of the contract and the arbitration award.

Dkt. No. 24 Exh. R.

On February 9, 2011, Ms. Dang's counsel sent an email to Local 19's counsel and Bay 101's counsel, stating that "[s]ince Ms. Dang's request for accommodation has been denied, she feels she has no choice but to accept being reinstated to the graveyard shift as a server." Dkt. No. 24 Exh. S. Bay 101 refused because, according to Bay 101, Ms. Dang had already refused Bay 101's previous offer to reinstate her. Local 19's counsel and Ms. Dang's counsel requested that the matter be returned to the arbitrator. Bay 101 refused, contending that it had complied with the arbitrator's award when it offered Ms. Dang her old position on the graveyard shift. Dkt. No. 24 Exh. U.

On April 27, 2011, Local 19 filed a petition confirm the arbitration award and have the dispute about implementation heard by the arbitrator.

## II. ANALYSIS

### A. Motion for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (a). Here, the only dispute that the court need consider is whether the arbitrator retains jurisdiction over the dispute.

"The issue of the scope of [an arbitrator's] jurisdiction over the implementation of his decision should be determined by the arbitrator, not the court." *See Teamsters Union Local 853 v. J.C. Paper*, 2008 WL 4890897 at *2 (N.D. Cal. Nov. 12, 2008); *see also Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 84, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002) ("Thus 'procedural' questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide . . . . [I]n the absence of an agreement to the contrary, issues of substantive arbitrability . . . are for a court to decide and issues of procedural arbitrability, i.e., whether prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to

1  an obligation to arbitrate have been met, are for the arbitrators to decide." (internal citations
2  omitted)).

3       Both the stipulation entered into before the arbitration proceeding and the arbitration award
4  itself are clear: "the arbitrator shall retain jurisdiction for the purpose of resolving any disputes about
5  implementation of the remedy ordered."  Here, the dispute between Bay 101, Local 19 and Ms.
6  Dang concerns the "implementation of the remedy ordered."  While Local 19's counsel's February 3,
7  2011 email originally suggested that Bay 101 had complied with the arbitration award, that
8  acknowledgment was based on the premise that Ms. Dang had rejected Bay 101's reinstatement and
9  on what Local 19 "gather[ed] the company ha[d] offered."  Later emails and correspondences show
10 that the parties dispute whether Ms. Dang actually refused reinstatement or merely requested an
11 accommodation.  However, the court is not the proper forum in which to resolve whether Ms. Dang
12 rejected reinstatement, thus ending Bay 101's obligations under the arbitrator's award, or whether
13 Bay 101 failed to implement, or do what it could to implement, the ordered remedy.  This is the very
14 dispute that must be considered by the arbitrator.  *See Teamsters Union Local,* 2008 WL 4890897 at
15 *2.

16      Accordingly, Local 19's motion for summary judgment is granted.  Bay 101 is ordered to
17 submit to arbitration the dispute which is the subject of this action.

18      **B.**    **No Need for Discovery**

19      Bay 101 asserts that the court should not hear the motion without allowing discovery on the
20 issue of whether or not there is a genuine dispute about Bay 101's compliance.  Bay 101 submits that
21 discovery would show that it has fully complied and, therefore, that there is no issue for the
22 arbitrator.  It requests a continuance pursuant to Fed.R.Civ.P. 56(f) to permit time for discovery.
23 However, Bay 101 overlooks the fact that whether or not there has been compliance is one for the
24 arbitrator.  There is clearly a dispute about implementation of the award.  Bay 101 asserts that it has
25 fully complied and Local 19 says that Bay101 has not.  It may be that the facts will show that Bay
26 101 has fully complied, but that issue was retained by the arbitrator as stipulated by the parties and
27 ordered by the arbitrator.  What could be learned in discovery could not negate the fact that the
28 arbitrator and not the court has jurisdiction over the question of whether Bay 101 did everything

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND GRANTING ATTORNEYS' FEES—No. C 11-02608 RMW JLR
4

1 required on its part to implement the remedy.  There is no need for discovery on the issue of
2 jurisdiction.

### C. Attorneys' Fees

The Supreme Court has held that attorneys' fees can be awarded "when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975).  The Ninth Circuit Court of Appeals applied that rule in a case where, as here, an employer refused to abide by the award of an arbitrator.  In *International Union of Petroleum and Industrial Workers v. Western Industrial Maintenance, Inc.*, 707 F.2d 425 (9th Cir.1983), the court held that "bad faith may be demonstrated by showing that a defendant's obstinacy in granting a plaintiff his clear legal rights necessitated resort to legal action with all the expense and delay entailed in litigation."  The award of attorneys' fees compensates a plaintiff "for the added expense of having to vindicate clearly established rights in court." *Id.* at 428.  The Ninth Circuit also noted that "an unjustified refusal to abide by an arbitrator's award may equate [with] an act taken in bad faith, vexatiously or for oppressive reasons." *Id.* (citation omitted).  Moreover, a district court has power to award attorneys' fees in a suit to enforce an arbitration award if the losing party acted in bad faith. *Courier-Citizen Co. v. Boston Electrotypers Union No. 11*, 702 F.2d 273, 282 (1st Cir. 1983) (endorsing attorneys' fees award 'when a party 'without justification' contests an enforceable award"); *United Steelworkers of Am. v. U.S. Gypsum Co.*, 492 F.2d 713, 724 (5th Cir. 1974) ("The district court has the authority to award attorneys' fees where it determines that a party has without justification refused to abide by an award of an arbitrator.").

Here, Bay 101 has not presented justifiable grounds for contending that the arbitrator lacked jurisdiction over this dispute.  Having agreed that the arbitrator's decision and award would be final and binding, and having agreed that the "arbitrator shall retain jurisdiction for the purpose of resolving any disputes about implementation of the remedy ordered," Bay 101 offers no excuse for its failure to submit the current dispute to arbitration except perhaps, as suggested by Bay 101's counsel, to attempt to avoid an arbitrator who is a union "sweetheart."

The fees awarded must be limited to those incurred with respect to the current petition, i.e. in getting the implementation issue before the arbitrator.  It appears that Local 19 has so limited its

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND GRANTING ATTORNEYS' FEES—No. C 11-02608 RMW JLR
5

1  request, but its block billing format precludes a definitive determination. Local 19 may submit a
2  revised request showing the specific services rendered, the dates on which they were rendered and
3  the hourly rates charged.

### III. ORDER

For the foregoing reasons, the court: (1) grants Local 19's motion for summary judgment confirming the arbitration award and compelling arbitration of the disputed issue of Bay 101's implementation of the ordered remedy; (2) awards reasonable attorney's upon submission of clarifying time and service records showing that the amount requested is reasonable; (3) gives Local 19 until September 9, 2011 to submit the requested records ; and (4) gives Bay 101 until September 12, 2011 to submit further objections to the amount of attorney's fees requested.

DATED: 8/26/2011

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge